UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 18 CV 08368 |
| vs. | ) Judge |
| FUNDS IN THE AMOUNT OF $131,898.37 HELD IN BANK OF AMERICA BANK ACCOUNT ENDING IN 2407, | ) |
| Defendant, *In Rem*. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE, *IN REM***

COMES NOW, before this honorable Court, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to the provisions of Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp.") G(2), respectfully, to bring this Verified Complaint for Forfeiture *In Rem*.

Plaintiff hereby alleges as follows:

**Nature of the Action**

1. This is a civil action brought to forfeit property seized by the United States government for violations of federal law that provide for the seizure, forfeiture, and disposal of certain property to the United States.

2. This action is an *in rem* legal proceeding against property, not against an individual, to determine rights in the property that are conclusive against the entire world.

3. This civil action *in rem* is brought to forfeit property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to

violations of 18 U.S.C. § 1343 (Wire Fraud).

4. Based upon the facts and circumstances herein set forth, Plaintiff prays: (1) that process issue for an arrest warrant *in rem* for the subject property; (2) that notice be given to all parties to appear and show cause why forfeiture should not be decreed; (3) that this Court enter a judgment of forfeiture to the United States; and (4) that this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

5. This complaint is verified by the attached Verification of United States Secret Service ("USSS") Special Agent Jason Bollen ("SA Bollen"), which is fully incorporated herein.

### The Defendant *In Rem*

6. The Defendant *in rem* consists of the following property:

- $131,898.37 (one hundred thirty-one thousand, eight hundred ninety-eight dollars and thirty-seven cents) in United States currency (hereinafter, the "subject property").

7. On April 5, 2018, pursuant to search and seizure warrant number 2018-W-0395 issued by the 187th District Court of Bexar County in Texas ("Bexar County"), the subject property was seized from Bank of America™ bank account number xxxxxx2407 (the "account") held in the name of Jiajun Ge ("J.G."), executed by SA Bollen.

8. On April 18, 2018, Bexar County issued an order transferring the subject property from the account to USSS for the institution of federal forfeiture proceedings.

9. The subject property is currently in the custody of USSS.

### Jurisdictional Statement

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) because this is an action for forfeiture.

11. This Court has *in rem* jurisdiction over the subject property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(a) (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

## Basis for Forfeiture

13. The subject property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it: (1) was "involved in," or (2) is "property traceable" to, a transaction or attempted transaction in violation of wire fraud under 18 U.S.C. § 1343 – a "specified unlawful activity" under 18 U.S.C. § 1961(1)(A) (by way of 18 U.S.C. § 1956(c)(7)(A)).

14. The subject property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from "proceeds traceable" to a violation of wire fraud under 18 U.S.C. § 1343 – a "specified unlawful activity" under 18 U.S.C. § 1961(1)(A) (by way of 18 U.S.C. § 1956(c)(7)(A)).

## Summary of Facts

15. On March 27, 2018, investigators with USSS learned of the suspicious banking activity of an elderly JPMorgan Chase® bank customer ("Victim A"), detailing what appeared to be a confidence scam, otherwise known as a romance scam, stemming from a fictitious online relationship Victim A had with a purported twenty-eight year old female using the aliases Linda Jonathan Scott, Linda Mary Scott, and/or Linda Peterson ("Individual A"), whom he believed to be his fiancée.

16. Individual A claimed to be involved in a mining business and promised Victim A an inheritance of gold and diamonds worth as much as $25 million, so long as he paid the taxes and fees in advance and on her behalf.

17. On or about the dates of February 14, 15, and 28, in response to Individual A's request and instructions, Victim A wired a total of $220,000 into the account.

18. On April 05, 2018, USSS SA Bollen obtained a seizure warrant for the subject property, which represents the amount remaining in the account at the time of the seizure.

19. Based upon the experience of law enforcement officers, including USSS Bollen, and the totality of the circumstances further described below, the subject property was seized for forfeiture for violations of wire fraud under 18 U.S.C. § 1343.

**Facts**

I. Romance Scam and the Seizure of the Subject Property

    A. Overview of USSS Investigation

20. This Complaint describes an investigation conducted by members of the USSS, including SA Bollen.

21. SA Bollen investigates violations of criminal law, including fraud and related activity in connection with the fraudulent use of access devices, bank fraud, and identity theft.

22. Over the past sixteen years, SA Bollen has investigated the activities of individuals who are engaged in certain romance fraud schemes in which elderly victims were defrauded of substantial sums of money.

23. A romance scam is a type of fraud in which a victim (predominantly older, widowed, or divorced) is targeted on the internet (often via a dating website or through Facebook™) by an individual "scammer" who is part of a criminal group and typically from the country of Nigeria.

24. The "scammer" exploits the vulnerabilities of potential victims by engaging in friendly or romantic conversations, thereby persuading the victims to provide funds to the scammer for a fraudulent purpose.

25. According to the Federal Bureau of Investigation's Internet Crime Complaint Center ("IC3"), which provides the public with a means of reporting Internet-related crimes, romance scams result in the highest amount of financial losses to victims when compared to other online crimes.

26. In 2016, for example, almost 15,000 complaints categorized as romance scams or confidence fraud were reported to IC3 (nearly 2,500 more than the previous year), and the losses associated with those complaints exceeded $230 million.

27. In the present case, Individual A, and others, acquired the subject property from Victim A through the use of a similar type of romance scam.

28. Specifically, Victim A was directed by Individual A, whom he believed to be his fiancée, to wire the subject property via Google Hangouts™ into the account in order to pay advance taxes and fees for a purported mining business under the guise of subsequently receiving gold and diamonds worth as much as $25 million.

    B.  Information Received From JPMorgan Chase® Bank

29. On March 27, 2018, investigators with USSS received information from JPMorgan Chase® bank in reference to Victim A, a resident of Illinois, who was suspected to be involved in a fraudulent transaction.

30. Information received from JPMorgan Chase® bank indicated that Victim A had abruptly and unusually transferred large sums of money from his JPMorgan Chase® bank account.

31. Investigators learned that he wired several hundreds of thousands of dollars to various

5

JPMorgan Chase® bank and Bank of America™ bank accounts that were not his own and to which he had no apparent ties.

    C. Interview of Victim A

32. On or about March 27, 2018, SA Bollen contacted Victim A by telephone.

33. Victim A stated that he was a victim of a romance scam and that he believed he had been defrauded of approximately $500,000.00.

34. Victim A stated that his wife passed away in July 2016.

35. He informed investigators that when he changed his Facebook™ profile setting to "[w]idower," Victim A began receiving multiple emails from different women.

36. Victim A received an email from Individual A, a purported twenty-eight year old female, with whom he began a romantic online relationship.

37. Victim A advised that he communicated with Individual A online using the Google Hangouts™ platform.

38. Over the course of these discussions, Individual A advised that she was visiting her father in Australia.

39. Individual A informed that her father was in the mining business and that, if Victim A paid the taxes and transactional fees for her in advance, she and Victim A would receive a box of gold and diamonds worth as much as $25 million in return.

40. Victim A was made to believe that the claimed taxes and advance fees were necessary in order to satisfy an alleged government impound and probate process.

41. The following are examples of the type of correspondence Victim A received regarding the payment of advance fees, taxes, and duties to secure the gold and diamonds:



Mineral Commission
36 Second Cantonments Cl,
Accra

January 11, 2018

Dear Linda Scott,

### Important – Final Payment Notice

With reference to your enquiry I want to assure you after the payment of *150,000 US Dollars*, there is no more tax or any required fees to be paid and the Gold will be immediately released for shipping to the designated address ▇▇▇▇▇▇▇▇ *Illinois, USA*).

I appreciate your corporation.
Thank you.

---



# GHANA CUSTOMS
Off Starlets' 91 Road
near Accra Sports Stadium
P. O. Box 2202
Accra, Ghana

February 24, 2018

### VALUATION AND DUTY

750kg of Gold and Diamonds belonging to **Linda Jonathan Scott** valued at $25,699,000 (*US Dollars*). The duty to be paid is on valuation of the gold is $162,000 (US Dollars).

Frank P. Boaky

42. Victim A informed that, although he was apprehensive at times, he was ultimately coerced into taking out a second mortgage on his home and liquidated most of his assets as a direct result of false representations made by Individual A.

43. Victim A further stated that in addition to wiring funds from his JPMorgan Chase® bank account, he also wired funds from his Charles Schwab® investment account.

44. Since transmitting the subject property, Individual A has contacted Victim A on several occasions attempting to obtain additional funds.

45. Investigators further spoke with Victim A's son, who informed that Victim A appears to be suffering from early-onset Alzheimer's Disease, a chronic neurodegenerative disease associated with dementia, memory loss, and other cognitive disorientation potentially serious enough to interfere with his daily life.

  D. Information Received From Bank of America™

46. On or about April 4, 2018, SA Bollen contacted an investigator with Bank of America™ who confirmed that Victim A wired a total of $220,000 from his Charles Schwab® investment account into the account.

47. A summary of the $220,000 that Victim A wired to the account is as follows:

| Date Sent | Description | Amount |
| --- | --- | --- |
| 02/14/18 | *Wire from Victim A into the Account* | $50,000.00 |
| 02/15/18 | *Wire from Victim A into the Account* | $80,000.00 |
| 02/28/18 | *Wire from Victim A into the Account* | $90,000.00 |
| | Total | $220,000.00 |

48. Information received by investigators further indicated that there was approximately $131,898 remaining in the account and that those funds had been transferred to the bank's Hold Harmless Department for further inquiry.

II.  Seizure of the Subject Property for Forfeiture

49. On April 5, 2018, SA Bollen obtained search and seizure warrant number 2018-W-0395 issued in Bexar County for the subject property, which SA Bollen subsequently executed on Bank of America™.

50. As a result, the subject property was seized from the account for the initiation of forfeiture proceedings as funds constituting or derived from proceeds traceable to violations of 18 U.S.C § 1343 (Wire Fraud).

51. Furthermore, there were three additional seizures related to this case stemming from warrants also issued in Bexar County: (1) seizure warrant number 2018-W-0362 issued on March 29, 2018 for Bank of America™ account ending in 3854, resulting in the seizure of $217,653.80; (2) seizure warrant number 2018-W-0396 issued on March 29, 2018 for JPMorgan Chase® bank accounts ending in 3580, 5025, and 3901, resulting in the seizure of $116,457; and (3) seizure warrant number 2018-W-0628 issued on May 18, 2018 for JPMorgan Chase® bank account ending in 9719, resulting in the seizure of $50,000.

52. All funds were seized for the initiation of administrative forfeiture proceedings as funds constituting or derived from proceeds traceable to violations of 18 U.S.C § 1343 (Wire Fraud).

III.  Administrative Forfeiture Proceedings

53. On or about May 31, 2018, USSS initiated administrative forfeiture proceedings against the subject property in accordance with 18 U.S.C. § 983(a)(1)(A) by sending written notice of its intention to forfeit the subject property to all interested parties.

54. On July 1, 2018, Victim A submitted a Petition for Remission/Mitigation establishing his ownership interest in the subject property.

55. On July 2, 2018, attorney Myrna Van, of Guerrero & Chan, LLP, in City of Industry, California, on behalf of J.G., sent a letter dated July 2, 2018 to USSS with an executed Seized

Asset Claim Form, which included declarations made by J.G. and others.

56. On August 6, 2018, USSS referred the matter to the United States Attorney's Office for the Northern District of Illinois to initiate judicial forfeiture proceedings.

### First Second Cause of Action

57. Plaintiff repeats and realleges the averments in paragraphs one through fifty-five as though fully set forth herein.

58. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it: (1) was "involved in," or (2) is "property traceable" to, a transaction or attempted transaction in violation of 18 U.S.C. § 1343; to wit, "wire fraud" a "specified unlawful activity" under 18 U.S.C. § 1961(1)(A) (by way of 18 U.S.C. § 1956(c)(7)(A)).

59. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction in violation of 1956, 1957 or 1960 of [Title 18], or any property traceable to such property," is subject to forfeiture to the United States.

60. Pursuant to 18 U.S.C. § 1956:

> (3)Whoever, with the intent—
>   (A) to promote the carrying on of specified unlawful activity;
>   (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or
>   (C) to avoid a transaction reporting requirement under State or Federal law, conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both.

61. The term "specified unlawful activity" means "any act or activity constituting an offense listed in section 1961(1) of [Title 18]." *See* 18 U.S.C. § 1956(c)(7).

62. The list of offenses under section 1961(1)(A) are further defined as "racketeering

activity," and include "wire fraud" *See* 18 U.S.C. § 1961(1)(A).

63.     Moreover, according to the "fungible property" provision of 18 U.S.C. § 984, in any forfeiture action *in rem* in which the subject property is cash or funds deposited into an account held at a financial institution, any identical property found within one year in the same place or account as the property involved in the offense that is the basis for the forfeiture shall also be subject to forfeiture. *See* 18 U.S.C. § 984.

## Second Cause of Action

64. Plaintiff repeats and realleges the averments in paragraphs one through fifty-five as though fully set forth herein.

65. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from "proceeds traceable" to a violation of 18 U.S.C. § 1343; to wit, "wire fraud" a "specified unlawful activity" under 18 U.S.C. § 1961(1)(A) (by way of 18 U.S.C. § 1956(c)(7)(A)).

66. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c))" is subject to forfeiture to the United States. *See* 21 U.S.C. § 981(a)(1)(C)(2018).

67. The term "specified unlawful activity" means "any act or activity constituting an offense listed in section 1961(1) of [Title 18]." *See* 18 U.S.C. § 1956(c)(7).

68. The list of offenses under section 1961(1)(A) are further defined as "racketeering activity," and include "wire fraud" *See* 18 U.S.C. § 1961(1)(A).

69.     Moreover, according to the "fungible property" provision of 18 U.S.C. § 984, in any forfeiture action *in rem* in which the subject property is cash or funds deposited into an account

held at a financial institution, any identical property found within one year in the same place or account as the property involved in the offense that is the basis for the forfeiture shall also be subject to forfeiture. *See* 18 U.S.C. § 984.

## Prayer for Relief

WHEREFORE, based upon the aforementioned facts and circumstances, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. Supp. G(3)(b), respectfully, prays:

1) That process issue for an arrest warrant *in rem* for the subject property, which Plaintiff will execute in accordance with 28 U.S.C. § 1355(d) and Fed. R. Civ. P. Supp. G(3)(c);

2) That due notice be given to all parties to appear and show cause why forfeiture of the subject property to the United States in accordance with the claims herein set forth should not be decreed;

3) That this Court enter a judgment of forfeiture for the subject property to the United States; and

4) That this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

DATED this 20th day of December 2018.

        JOHN R. LAUSCH, JR.
        United States Attorney
        For the Northern District of Illinois

By: *Jeffrey R. Borup*
      JEFFREY R. BORUP
      Assistant United States Attorney
      219 South Dearborn Street, 5th Floor
      Chicago, Illinois 60604
      Desk: (312) 697-4087
      Email: jeffrey.borup@usdoj.gov

| | |
|---|---|
| NORTHERN DISTRIT OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

## VERIFICATION

I, Jason Bollen, declare under penalty of perjury the following:

1. I am a Special Agent with the United States Secret Service (USSS) and have been so employed since September 2002. My duties and responsibilities as a Special Agent are to investigate violations of criminal law, including fraud and related activity in connection with the fraudulent use of access devices, bank fraud, and identity theft.

2. My duties and responsibilities as a Special Agent are to investigate violations of criminal law, including fraud and related activity in connection with the fraudulent use of access devices, bank fraud, and identity theft.

3. I have read the foregoing complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief.

4. This statement is based upon my own personal knowledge as well as information I have received from other agents, persons, and documents; it does not include each and every fact known to me concerning this investigation, but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

Executed on this, the 19 of December 2018, in Chicago, Illinois.

JASON BOLLEN
Special Agent
United State Secret Service